BY THE COURT.
By petition we are asked by the Board of Governors of The Florida Bar to amend the Integration Rule and By-laws relating to the Clients’ Security Fund[1] to extend the Fund’s coverage to misappropriations by attorneys acting in fiduciary capacities unrelated to an attorney-client relationship, such as a personal representative, testamentary trustee, guardian or escrow agent. The Fund presently insures the clients of Florida attorneys against misappropriations of property or funds held by attorneys by reason of an attorney-client relationship.
Based on our jurisdiction to discipline attorneys,[2] the Board requests that we expand the coverage of the Fund because there are adequate funds on hand which can be used for that purpose and because any misconduct by attorneys, even when they are not acting in their capacity as a lawyer, reflects adversely on the profession. The Board also suggests that the expansion is needed because attorneys appointed by courts to act in a fiduciary position frequently are not required to obtain fiduciary bonds in as high an amount as other indi *538 viduals acting in the same fiduciary capacities.[3]
While we appreciate the concerns of the Board and share its desire for an untarnished professional image, we nonetheless decline to expand the Fund as requested. We must be extremely cautious when we exercise our supervisory jurisdiction over attorneys in areas which are coextensive with legislative power. Two examples will illustrate the problem. On the one hand it has long been recognized that a violation of the criminal law adversely reflects on the character of an attorney to such a degree that this Court may take disciplinary action even though a client-attorney relationship is not directly involved.[4] On the other hand it is doubtful that we have the power to establish a fund to recompense persons who are assaulted by someone who happens to be an attorney.
The Clients’ Security Fund was established to protect persons victimized as a result of an attorney-client relationship. The Legislature has already acted to protect persons who must use individual fiduciaries, and the reach of the law quite clearly encompasses persons serving as fiduciaries who happen to be attorneys.
If the trial judges of this state presume too much when they require lower bonds for attorney-fiduciaries than for others, the remedy lies within the power of trial judges to apply the law by its terms. The selection of fiduciaries requires a careful inquiry into the character of the individual, not his status or title in our society.
For these reasons, the petition is denied.
ADKINS, BOYD, ENGLAND, SUND-BERG, HATCHETT and KARL, JJ., concur.
OVERTON, C. J., dissents.

. Fla.Bar Integr.Rule, Art. XVII, § 1; Fla.Bar Integr.Rule By-laws, Art. XVI, § 2(f).

. Art. V, § 15, Fla.Const.

. The statutes of this state command the courts to require an adequate bond for all non-corporate fiduciaries, which laws would reach all but private, attorney escrow arrangements. See, for example, §§ 733.402, 733.403, 744.351, 747.-12, Fla.Stat. (1975).

. See Times Publishing Co. v. Williams, 222 So.2d 470, 475 (Fla.2d DCA 1969), discussing the concurrent authority of this Court and the Legislature to regulate conduct of attorneys which is deemed criminal.